IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID E. KATES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 2:21-CV-204-Z |
| | § | (CRIMINAL ACTION No. 2:97-CR-42) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER DISMISSING
### MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October 1, 2021 (ECF No. 1) ("Motion"). For the reasons set forth below, the Motion is **DISMISSED**.

#### BACKGROUND

In 1997, Petitioner was charged with knowingly and intentionally possessing with intent to distribute approximately 21 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *See* CR ECF No. 7.[1] He was tried and convicted by a jury. *See* CR ECF No. 69. Petitioner was sentenced to a term of imprisonment of 360 months, to be followed by a term of supervised release of 8 years. *See* CR ECF No. 85. In August 2019, the Court reduced Petitioner's sentence of imprisonment from 360 to 280 months. *See* CR ECF No. 325; CR ECF No. 326. Petitioner began serving his term of supervised release on July 22, 2020. *See* CR ECF No. 330. He violated the conditions of his supervised release by committing new offenses. *Id.*; CR ECF No. 347. On August 11, 2021, the Court revoked Petitioner's term of supervised release and sentenced him to a term of

---

[1] Record citations to Petitioner's underlying federal criminal case, *United States v. Kates*, 2:97-CR-42-Z, shall be to "CR ECF No." throughout this Opinion.

imprisonment of 11 months. *See* CR ECF No. 348. Petitioner appealed and his sentence was affirmed. *See* CR ECF No. 362; CR ECF No. 363.

Petitioner contends that the 8-year term of supervised release imposed by the original judgment "shouldn't of never existed." *See* ECF No. 1 at 1. He also challenges his 11-month revocation sentence. *Id.* at 2.

Petitioner was released from custody of the BOP on May 12, 2022. *See* BOP Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last accessed on May 11, 2023).

## Legal Standard

"Section 2255 provides relief for a petitioner who can establish either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255, a petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

## Analysis

To the extent Petitioner purports to attack the validity of the underlying sentence, the court lacks jurisdiction over his petition. He must first obtain leave of the United States Court of Appeals for the Fifth Circuit before pursuing a second or successive § 2255 motion. 28 U.S.C. § 2255(h). *See United States v. Jones*, 796 F.3d 483, 484 (5th Cir. 2015) (reduction in sentence pursuant to 18 U.S.C.

§ 3582 only modifies an existing judgment; petitioner cannot avoid the requirements for filing second or successive § 2255 motion).

To the extent Petitioner attacks his 11-month sentence on revocation of his supervised release, the motion is moot. Petitioner has served the sentence and has been released from custody. He is not subject to further supervised release. *See* CR ECF No. 348. A case is moot when it is impossible for a court to grant any effectual relief to the prevailing party. *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012).

To the extent Petitioner now alleges that this is not a habeas proceeding and that he only intended to pursue monetary relief (and the allegation is belied by the motion itself), such an action would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

### CONCLUSION

For the reasons set forth above, the Motion is **DISMISSED**. Petitioner's motions for default judgment are **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED.**

August 4, 2023.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE